**IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Sondra Anderson, et al. | ) | CASE NO. 3:09 cv 2335 |
| | ) | |
| Plaintiffs, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | |
| | ) | |
| Barclays Capital Real Estate Inc. | ) | |
| dba HomEq Servicing, | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT OF OHIO ATTORNEY GENERAL RICHARD CORDRAY**

Pursuant to this Court's July 6, 2010 telephone status conference inviting a status report from the Ohio Attorney General, Ohio Attorney General, Richard Cordray, by and through counsel, respectfully submits this Status Report regarding the potential certification to the Ohio Supreme Court of a question regarding the applicability of Ohio's Consumer Sales Practices Act to entities servicing residential mortgage loans in Ohio.

I.      **The Attorney General Asserts That Question Certification is Inappropriate**

         **A. Ohio Supreme Court Practice Rule 18**

Ohio Supreme Court Practice Rule 18 governs the certification of questions of state law to the Ohio Supreme Court.  S.Ct. Prac. R. 18.1 states in relevant part, "This rule may be invoked when the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio <u>law</u> that <u>may be determinative of the proceeding</u> and for which there is no controlling precedent in the decisions of this Supreme Court." (Emphasis added).

Plaintiff's Second Amended Complaint asserts two common law class claims; one individual claim under the federal Real Estate Settlement Procedures Act [RESPA], and one individual claim under Ohio's Consumer Sales Practices Act [CSPA].  This Court previously declined to dismiss the common law claims, so an Ohio Supreme Court decision on the applicability of the CSPA to Barclays will likely not "be determinative of the proceeding" in this Court.  Moreover, there is no definition in the Ohio Revised Code

of "mortgage loan servicer," so the question, of necessity, would be fact specific and not simply a question of law for the Supreme Court to decide.  Therefore, this CSPA question does not meet the Rule 18.1 criteria for certification.  See, in contrast, *Gutman v. Feldman*, 97 Ohio St.3d 473, 2002-Ohio-6721, ¶10 ("The certified question …. is a question of determinative importance in this litigation.  It is not fact-specific."); and *McNamara v. City of Columbus*, 107 Ohio St.3d 243, 2005-Ohio-6433, ¶7 ("Finding that the issue of whether petitioners have a property right in groundwater is dispositive and noting that this court has yet to address the issue, the court posed an identical certified question")

### B. Currently Pending State Court Cases

Ohio Attorney General Richard Cordray is currently litigating three lawsuits against mortgage servicers in Ohio state courts, including one against Barclays, which may be impacted by this Court's decision on whether to certify the applicability of the CSPA, R.C. 1345.01 et seq., to mortgage servicing.  The three cases are *State of Ohio, ex rel. Richard Cordray v. Carrington Mortgage Services, LLC*, Franklin County Court of Common Pleas 09CVH7-11433, *American Home Mortgage Servicing, Inc. v. State of Ohio,* Franklin County Court of Common Pleas 09CVH11-16491, and *State of Ohio, ex rel. Richard Cordray v. Barclays Capital Real Estate, Inc.*, Montgomery County Court of Common Pleas 09-10136.

In the Barclays case, filed on December 16, 2009, the Ohio Attorney General alleged that Barclays, dba HomEq ("HomEq"), committed unfair, deceptive and unconscionable acts against Ohio consumers in its servicing of residential mortgage loans.  On February 10, 2010 HomEq filed a Motion to Dismiss, claiming, *inter alia*, that the CSPA does not apply to mortgage servicers servicing the residential mortgage loans of Ohio citizens.  The Attorney General's office filed its Memorandum Contra on March 24, 2010, with HomEq filing a Reply on April 12, 2010, and the Motion to Dismiss is currently under consideration by Judge O'Connell.  The Defendants in the American Home and Carrington litigation did not file motions to dismiss.

The Attorney General believes that the better course of determining this state law issue rests in the robust discovery and motions work already under way in the three state court cases he has filed against mortgage servicers.  Whether or not a transaction is a

consumer or business transaction rests upon "the objective manifestation of the parties, as set forth by the totality of the circumstances." See *Gugliotta v. Morano*, 161 Ohio App 3d 152, 2005-Ohio-2570, ¶35 (Summit County) citing *Tomes v. George P. Ballas Leasing, Inc.*, 1986 Ohio App LEXIS 8463 (Lucas County Sept. 30, 1986). Even if the Supreme Court initially accepted a certification, the fact-based nature of a consumer transaction could cause the Supreme Court to ultimately not accept certification or to answer a question not determinative of this or the other pending cases.

The Attorney General is specifically concerned that an Ohio Supreme Court acceptance of certification could result in all three CSPA-based consumer protection lawsuits listed above being stayed, with the abusive practices at issue continuing unabated, and with the Supreme Court still not issuing a ruling that would be dispositive of any of those cases, let alone this case. This would, in turn, result in significant delays in remedying the ongoing mortgage servicing abuses that the Attorney General seeks to redress in his state court cases.

Although the Attorney General believes the decisions in *Kline* and *Litton* provide sufficient authority – including state appellate decisions – to conclude that the CSPA applies to HomEq in this case, there is an alternative to either (1) deciding that CSPA issue here or (2) certifying a question to the Supreme Court.  That alternative is for this Court to delay ruling on the applicability of the CSPA to HomEq in this case.  By the time this Court has determined the class action questions in this case, it is likely that one or more of the state courts in the HomEq, Carrington and American Home suits mentioned above will also have ruled on the applicability of the CSPA to mortgage servicers such as HomEq.

**C. Two Federal Courts in Ohio Have Held That the CSPA Applies to Mortgage Servicers**

**1. The Decision in *Kline, et al v. Mortgage Electronic Security Systems, et al*, regarding Countrywide, pending before Judge Rice (Case No. 3:08-cv-408):**

In *Kline*, Judge Rice has held that the plaintiffs could state a CSPA cause of action against the mortgage servicer Countrywide.  In its September 21, 2009 decision denying the Motion to Dismiss filed by a defendant law firm, the court in *Kline* noted that

"Ohio courts have held that entities engaging in the collection of consumer debts are suppliers (see, e.g., *Celebrezze v. United Research, Inc*., 19 Ohio App.3d 49, 482 N.E.2d 1260 (1984)."[1] In its March 30, 2010 Opinion, the court in *Kline* concluded that Plaintiff Jones had "identified potentially plausible claims for … class action status under the OCSPA" against Countrywide, which serviced the loan to Jones, and did not agree with the recommendation of the Magistrate that the Court not "exercise supplemental jurisdiction over Jones' individual claim under the OCSPA against Countrywide."  2010 U.S. Dist. LEXIS 31215, *12-13.  The Court in *Kline* therefore rejected "Countrywide's argument that it is entitled to judgment on the pleadings on Jones' [individual] claims under the OCSPA" and rejected the recommendation of the Magistrate to dismiss the class OCSPA claims with prejudice.  *Id.* at **15 and 16.[2]

### 2. The Litton Decision:

In *Dowling v. Litton Loan Servicing,* 2006 U.S. Dist. LEXIS 87098, *44 (SD Ohio Dec. 1, 2006), the District Court held that "the OCSPA applies to Defendant in this case," even though Litton was also a mortgage loan servicer (Id. at *2).  The District Court noted that Defendant conceded "that it does not meet the definition of a 'financial institution' under the OCSPA, [but] it argues, without citing any legal authority, that the exclusion of financial institutions should also cover their loan servicing agents."  Id. at **43-44.  The District Court rejected that argument, noting that "under Ohio law, a court must strictly construe exceptions or exemptions to a general law such that what is not

---

[1]  Doc. 116, at pp. 17-18 (Exhibit A attached hereto).  The applicable definitions in the CSPA are different than those in the Fair Debt Collection Practices Act (FDCPA).  See 15 USC §1692a(6)(F), containing an exclusion from the FDCPA (not present in the CSPA) for certain debt collectors.

[2]  HomEq filed a separate Motion to Dismiss in Kline, arguing that the CSPA does not apply to mortgage loan servicers.  The Ohio Attorney General has filed an amicus brief in Kline refuting that argument of HomEq (copy attached as Exhibit B)**.**  There has been no decision on that motion to Dismiss.

clearly excluded from operation of the law is clearly included therein." Id. at *44. The District Court added, "If the legislature intended to exempt all loan servicing agents from coverage under the OCSPA, it would have done so. This Court will not extend the OCSPA's exemption beyond its clear and unambiguous meaning." Id.

In the *Litton* case, homeowner Martha Dowling entered into a refinancing loan agreement and mortgage in 1998 with National Consumer Service Corp. Initially, Fairbanks Capital Corp. ("Fairbanks") serviced the loan. In 2004, Fairbanks transferred servicing on the loan to Defendant Litton Loan Servicing LP ("Litton"). There was a dispute between Dowling and Litton over delinquency, and numerous communications between the two followed. Ultimately Dowling obtained separate financing, paid off what Litton claimed was owed, and sued Litton under a number of statutes, including the CSPA. Id. at **2-7.

## II.     The Attorney General's Proposed Certified Question, if the Court chooses to Certify a Question

In the event that the Court determines that it will certify a question to the Ohio Supreme Court the Ohio Attorney General proposes that the following question be submitted to the Ohio Supreme Court, based on the allegations in paragraphs 69-72 of the Second Amended Complaint:

> Barclays Capital Real Estate, Inc., dba HomEq ("HomEq") engages in the business of servicing residential mortgages of individuals for personal, family or household purposes and :
>
> > * accepts, applies and distributes mortgage loan payments and other fees, penalties and assessments, and in connection with so doing exercises

discretion regarding the fees charged or applied to a particular mortgage loan account;

* maintains customer service departments and call centers to which Ohio residents with loans being serviced by HomEq are directed to call with questions, concerns about their mortgage loans;

* directs customers who are in default or danger of default to contact it for options concerning loss mitigation or loan modification and further holds itself out as having authority to make substantive decisions regarding which customers, if any, will receive loan modification agreements or loss mitigation assistance;

* handles consumer disputes regarding their mortgage loans;

* negotiates and executes loan modification, forbearance and other agreements directly with customers;

* purchases homeowner's insurance on behalf of, and at the expense of, consumers who HomEq believes not to have purchased insurance required by the note and mortgage;

*makes customer service related promises on its website to which consumers are directed by the servicer; and

* receives payment for its loan administration and other services from the payment stream generated by the consumers' residential mortgages.

If it is not a financial institution or other entity whose transactions are excepted from the definition of "consumer transaction" pursuant to the second sentence of R.C. §1345.01(A), then is HomEq a "supplier" engaged in "consumer transactions" pursuant

6

to R.C. 1345.01 and subject to Ohio's Consumer Sales Practices Act, R.C. 1345.01 et seq?

## III.    Conclusion

The Attorney General appreciates the Court's invitation to submit, and its consideration of, this report.

Respectfully submitted;

RICHARD CORDRAY
OHIO ATTORNEY GENERAL

/s/ Susan Choe

Susan Choe (0067032)
Consumer Protection Section Chief
Consumer Protection Section
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614.466.1305
614.466.8898 (fax)
Susan.Choe@Ohioattorneygeneral.gov

/s/ Douglas L. Rogers

Douglas L. Rogers (0008125)
Special Counsel to the Attorney General of Ohio
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614.466.1305
614.466.8898 (fax)
Douglas.Rogers@ohioattorneygeneral.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Status Report of Ohio Attorney General Richard Cordray was served via CM/ECF notification on all counsel of record on August 25, 2010.


/s/ Douglas L. Rogers_____