IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUGENE KLINE, et al., : | |
| Plaintiffs, : | |
| : | Case No. 3:08cv408 |
| vs. : | |
| : | JUDGE WALTER HERBERT RICE |
| MORTGAGE ELECTRONIC SECURITY : | |
| SYSTEMS, et al., : | |
| Defendants. : | |

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFFS' OBJECTIONS (DOC. #110) TO REPORT AND
RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE
(DOC. #106); REPORT AND RECOMMENDATIONS ADOPTED IN PART,
AS SUPPLEMENTED HEREIN BY THE COURT'S REASONING AND
CITATIONS TO AUTHORITY, AND REJECTED IN PART; MOTION TO
DISMISS FILED BY DEFENDANT LERNER, SAMPSON & ROTHFUSS
(DOC. #18) SUSTAINED IN PART AND OVERRULED IN PART

In this putative class action, the Plaintiffs set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 et seq.; as well as for breach of contract and unjust enrichment under the common law of Ohio. See Doc. #1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including Defendant Lerner, Sampson and Rothfuss ("LS&R"). LS&R has filed a



motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. See Doc. #18. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a report and recommendations. Judge Ovington has submitted such a judicial filing, recommending that this Court sustain LS&R's motion. See Doc. #106. The Plaintiffs have submitted Objections (Doc. #110) thereto, which the Court now rules upon. The Court begins by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. #106), as well as a brief summary of the procedural standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted.

Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a de novo review of that judicial officer's recommendations. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at —. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in <u>Twombly</u>, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. <u>Id.</u>, at 555 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." <u>Id.</u>, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u>, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Ibid.</u> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u>, at 557 (brackets omitted).
>
> Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. <u>Id.</u>, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. <u>Id.</u>, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context- specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

<u>Id.</u> at 1949-50.

In their Complaint, the Plaintiffs allege Plaintiff Eugene Kline ("Kline") had a mortgage on his property with Defendant Mortgage Electronic Registration Systems ("MERS"), as nominee for Defendants HomEq Servicing Corporation ("HomEq") and WMC Mortgage ("WMC"). Doc. #1 at ¶ 64. According to Plaintiffs, LS&R violated the FDCPA and the OCSPA, by providing to Kline's counsel in a foreclosure action a payout statement of what Kline owed on that mortgage, which included the recovery of attorney's fees incurred in the foreclosure proceeding and service costs, neither of which could lawfully be recovered. Id. at ¶¶ 65-77. Plaintiffs also allege that LS&R violated those statutes in numerous ways during a foreclosure proceeding against Plaintiff Jon Shayne Jones ("Jones"). Id. at ¶¶ 78-106. Of particular present importance, Plaintiffs allege that LS&R violated the FDCPA by filing a proof of claim in Jones' bankruptcy proceeding, which made a claim for fees which could not be lawfully recovered. Id. at ¶¶ 100-06. In addition, Plaintiffs contend that LS&R violated those statutes, when it filed a claim for attorney's fees in the bankruptcy proceedings of Plaintiff Diana Hughes ("Hughes"), since Ohio law prohibits the recovery of attorney's fees in accordance with a fee-shifting provision in a mortgage. Id. at ¶¶ 107-13. Plaintiffs allege in their Complaint that LS&R violated the rights of Plaintiffs George and Carol Ross ("Rosses"), under the FDCPA, by filing a proof of claim which sought fees which could not be lawfully recovered and by continuing to seek to recover those fees outside of the bankruptcy proceedings. Id. at ¶¶ 114-25.[1]

---

[1] The Plaintiffs have also set forth claims of breach of contract and unjust enrichment against LS&R, without identifying the contract or contracts it is alleged to have breached or explaining how Plaintiffs unjustly enriched LS&R. See Doc. #1 at 25-26.

- 5 -

In its Motion to Dismiss (Doc. #18), LS&R argued that the FDCPA claims of Jones, Hughes and the Rosses must be dismissed, because those claims are based on conduct governed or remedied by the Bankruptcy Code, given that those claims arise out of proofs of claim filed in bankruptcy proceedings. Doc. #18 at 11-12. In other words, without expressly so stating, LS&R contended that Jones', Hughes' and the Rosses' claims under the FDCPA were invalid, because the Bankruptcy Code impliedly repealed the former statute, in cases where the plaintiff's claims under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. Additionally, LS&R asserted that the Court must dismiss the FDCPA claims of Hughes and the Rosses, because they are barred by the applicable one-year statute of limitations contained in 15 U.S.C. § 1692k(d). Id. at 12-13. LS&R also contended that Kline has failed to state a claim under the FDCPA, because that claim is predicated upon letters which LS&R sent to Kline's attorney, rather than to Kline himself. Id. at 13-15. In addition, LS&R argued that Plaintiffs' claims under the OCSPA must be dismissed, because they do not allege that it is a "supplier" under that statute, a necessary predicate for the imposition of liability on it. Id. at 15. That Defendant also asserted that Plaintiffs' class action allegations under the state statute must be dismissed, because they have failed to allege that there is a substantial similarity between its alleged violation of the OCSPA and conduct declared to violate that statute by a decision from an Ohio court or an opinion by the Ohio Attorney General. Id. at 15-16. Additionally, LS&R argued that the Plaintiffs have failed to state claims of unjust enrichment and breach of contract. Id. at 16-17. Finally, LS&R asserted that the doctrine of absolute attorney immunity serves as a further bar to Plaintiffs' claims to the

- 6 -

extent they predicated upon proofs of claim filed in bankruptcy proceedings. In their Memorandum in Opposition (Doc. #77), the Plaintiffs disagreed with each of the arguments propounded by LS&R, except for its assertion that Plaintiffs failed to state a claim of breach of contract.

In her Report and Recommendations, Judge Ovington agreed with LS&R that the claims of Jones, Hughes and the Rosses under the FDCPA must be dismissed, given that those claims arise out of proofs of claim filed in bankruptcy proceedings. See Doc. #106 at 8-11. That judicial officer also agreed with LS&R that Kline's claim under the FDCPA must be dismissed, because it is based on correspondence between the Defendant and his counsel, and that their breach of contract claim must be dismissed for failure to state a claim upon which relief can be granted. Id. at 12-14.[2]

Kline, Jones and the Rosses have objected to the Report and Recommendations of the Magistrate Judge. See Doc. #110. Given that Hughes did not file an objection to that judicial filing, the Court deems her claims to be withdrawn and dismisses them with prejudice. In their Objections, Kline, Jones and the Rosses focus exclusively upon the recommendations of the Magistrate Judge pertaining to their claims under the FDCPA, without addressing their breach of contract claims. Having conducted a de novo review of the Plaintiffs' Complaint (Doc. #1) and the parties' papers, this Court concurs with the Magistrate Judge that no Plaintiff has stated a claim for relief for breach of contract. For instance,

---

[2]Judge Ovington found it unnecessary to address LS&R's argument concerning the statute of limitations, given that her conclusion that their claims predicated upon proofs of claim must otherwise be dismissed, and recommended that this Court decline to continue to exercise supplemental jurisdiction over the Plaintiffs' claims under the OCSPA and for unjust enrichment. Doc. #106 at 11-12 and 14-15.

none has identified the contract he or they had with LS&R, which the latter breached. Moreover, since the Plaintiffs failed to argue that their breach of contract claims should not be dismissed, the Court will not afford them the opportunity to amend in an effort to state such claims for relief, and the Court's dismissal is with prejudice. The Court now turns to the specific objections of Kline, Jones and the Rosses, discussing Kline's before turning to those of the Rosses and Jones, which will be discussed together.

1. Kline

In their Complaint, Plaintiffs have identified two communications from LS&R which are alleged to have violated Kline's rights under the FDCPA, to wit: letters under date of November 14, 2007 and February 19, 2008. See Doc. #1 at ¶¶ 66, 69 and 73. LS&R has attached copies of those letters to its Motion to Dismiss (Doc. #18). Each of those letters was addressed to Kenneth Wegner, an attorney who was representing Kline when the letters were sent. The Magistrate Judge recommended that this Court dismiss Kline's claim under the FDCPA, concluding that a debt collector does not violate the FDCPA, by sending correspondence to a debtor's attorney. In reaching her conclusion in that regard, Judge Ovington relied upon the decision of the Ninth Circuit in Guerrero v. RJM Acquisitions LCC, 499 F.3d 926 (9th Cir. 2006), wherein the court held that a communication directed solely at a debtor's attorney is not actionable under the FDCPA. Id. at 934. The Guerrero court explained its conclusion in that regard:

> A consumer and his attorney are not one and the same for purposes of the Act. They are legally distinct entities, and the Act consequently treats them as such. For example, a debt collector who knows that a consumer has retained counsel regarding the subject debt may contact

- 8 -

> counsel, but may not generally contact the consumer directly, unless the attorney gives his consent. See 15 U.S.C. § 1692c(a)(2). Subject to certain exceptions, a debt collector may not communicate in connection with a debt with "any person other than the consumer, his attorney, a consumer reporting agency ..., the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b) (emphasis added). And "consumer" is defined broadly in § 1692c to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Notably absent from this list of relatives and fiduciaries sharing in common the identity of "consumer" is a consumer's attorney.
>
> The statute as a whole thus suggests a congressional understanding that, when it comes to debt collection matters, lawyers and their debtor clients will be treated differently. See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 455 (1993) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.") (quoting United States v. Heirs of Boisdore, 49 U.S. (8 How.) 113, 122 (1850)). Specifically, it appears that Congress viewed attorneys as intermediaries able to bear the brunt of overreaching debt collection practices from which debtors and their loved ones should be protected. Section 1692c, for instance, covers "[c]ommunications in connection with debt collection." In regulating the ability of debt collectors to commence such communications, the Act is plainly concerned with harassment, deception, and other abuse. Accordingly, Congress sought to protect not just debtors themselves from illegal communications, but also others who would be vulnerable to the more sinister practices employed in the debt collection industry. Section 1692c(d), as explained above, thus defines "consumer" broadly to include a range of the debtor's relatives and fiduciaries. The conspicuous absence of the debtor's attorney from that otherwise extensive list is telling. It suggests that in approaching the debt collection problem, Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation to begin with, and that Congress built that differentiation into the statute itself. See Zaborac v. Phillips & Cohen Assocs., Ltd., 330 F. Supp.2d 962, 967 (N.D.Ill. 2004).

Id. at 935 (footnotes omitted). Accord, Kropelnicki v. Siegel, 290 F.3d 118,

127-28 (2d Cir.2002); Marshall v. Portfolio Recovery Associates, Inc., — F.

Supp.2d —, 2009 WL 2476627 (E.D.Pa. 2009).

- 9 -

In <u>Sayyed v. Wolpoff & Abramson</u>, 485 F.3d 226, 232-33 (4th Cir. 2007), the Fourth Circuit reached the opposite conclusion, holding that a letter from a debt collector to a debtor's attorney can be actionable under the FDCPA. To reach that conclusion, the <u>Sayyed</u> court relied on the fact that the Supreme Court, in <u>Heintz v. Jenkins</u>, 514 U.S. 291, 294 (1995), had permitted a lawsuit arising out of a communication with a debtor's attorney to proceed. However, since the Supreme Court in <u>Heintz</u> did not address the issue of whether a communication by a debt collector to a debtor's attorney was actionable under the FDCPA, that Supreme Court decision does not support <u>Sayyed</u>, causing this Court to conclude that the Fourth Circuit's decision lacks persuasiveness. Rather, this Court finds the decision of the Ninth Circuit in <u>Guerrero</u> to be persuasive and will follow same. In <u>Evory v. RJM Acquisitions Funding LLC</u>, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit also held that a letter from a debt collector to a debtor's attorney is actionable. As it did with <u>Sayyed</u>, this Court concludes that <u>Guerrero</u> is more persuasive and will be followed.

Accordingly, the Court overrules the Plaintiffs' Objections (Doc. #110) to the Report and Recommendations (Doc. #106) of the Magistrate Judge, as they relate to Kline's claim under the FDCPA against LS&R. The Court also sustains that Defendant's Motion to Dismiss (Doc. #18), as it relates to that claim. In addition, the Court, in the absence of an objection by Kline, will follow the recommendation of the Magistrate Judge and decline to continue to exercise supplemental

jurisdiction over his state law claims of unjust enrichment and violations of the OCSPA, which are dismissed without prejudice.[3]

2. Jones and the Rosses

Judge Ovington recommended that this Court dismiss the FDCPA claims of Jones and the Rosses, because their sole remedies, for the alleged violations of that statute by LS&R, arise under the Bankruptcy Code and must be pursued in the bankruptcy court. Thus, without specifically so stating, the Magistrate Judge recommended that this Court conclude that the Bankruptcy Code impliedly repealed the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. Judge Ovington placed primary reliance on In re Rice-Etherly, 336 B.R. 308 (Bankr. E.D.Mich. 2006). See Doc. #106 at 8-9. Therein, the debtor filed an adversary proceeding in her case under Chapter 13 of the Bankruptcy Code, alleging that a debtor's counsel had violated the FDCPA by including a claim for attorney's fees in the proof of

---

[3]When a court dismisses a plaintiff's only claim over which it has original jurisdiction (i.e., a federal claim), for failure to state a claim upon which relief can be granted, it should decline to continue to exercise supplemental jurisdiction over the plaintiff's state law claims. See e.g., Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255-56 (6th Cir. 1996) (noting that there is a strong presumption that District Court declines to continue to exercise supplemental jurisdiction over state law claims after it has dismissed federal claims pursuant to a 12(b)(6) motion). Therefore, this Court has dismissed, without prejudice, rather than continuing to exercise supplemental jurisdiction over Kline's claims of unjust enrichment and for violations of the OCSPA. Below, the Court addresses the parties' arguments in support of and in opposition to LS&R's motion as it relates to those state law claims of Jones and the Rosses, because the Court continues to exercise supplemental jurisdiction over those claims, given that it has not dismissed their federal law claims under the FDCPA.

- 11 -

claim he filed on behalf of his client.[4] The Rice-Etherly court, in turn, relied upon Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 1999 WL 284788 (N.D.Ill. 1999). Therein, the District Court sustained the defendant's motion to dismiss plaintiff's claim under the FDCPA, arising out of the proof of claim that defendant had filed in plaintiff's case under Chapter 13 of the Bankruptcy Code, concluding that the Bankruptcy Code precluded the plaintiff from pursuing a claim under the FDCPA, predicated upon actions occurring in a case under that Code. In other words, the District Court addressed the question of whether the Bankruptcy Code, the later passed statute, impliedly repealed the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) (noting that "[w]hen two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed") (emphasis added). In Carcieri v. Salazar, — U.S. —, 129 S.Ct. 1058 (2009), the Supreme Court restated the principles which must be applied to ascertain whether one statute has impliedly repealed another:

> "We have repeatedly stated ... that absent 'a clearly expressed congressional intention,' ... [a]n implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" Branch v. Smith, 538 U.S. 254, 273 (2003) (plurality opinion) (quoting

---

[4]The Magistrate Judge cited and briefly discussed a number of other decisions in which courts have reached the same result as that reached in Rice-Etherly, including Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., 1999 WL 284788 (N.D.Ill. 1999), which is discussed in the text above. See Doc. #106 at 9-10.

>   Morton v. Mancari, 417 U.S. 535, 551 (1974), and Posadas v. National City
>   Bank, 296 U.S. 497, 503 (1936)).

Id. at —, 129 S.Ct. at 1068.

Herein, LS&R has not argued that there is an irreconcilable conflict between the Bankruptcy Code and the FDCPA. Moreover, there is no indication that the Bankruptcy Code, the later statute, covers the whole subject of the FDCPA and was clearly intended as a substitute. Indeed, LS&R has not cited a provision in the Bankruptcy Code which provides a remedy to a debtor whose rights under the FDCPA have been violated during a bankruptcy case under the Code. Moreover, such a provision of the Bankruptcy Code was not cited in either Rice-Etherly, the decision upon which that Defendant has relied, nor Baldwin, the decision upon which Rice-Etherly relied. In addition, the Seventh Circuit has held that the Bankruptcy Code did not impliedly repeal the FDCPA. Randolph, supra. Randolph, a consolidation of three appeals, arose out of the plaintiffs' claims that the defendants had violated the FDCPA by demanding the immediate payment of debts, after the plaintiffs had initiated cases under the Bankruptcy Code. This Court finds the decision and reasoning of the Seventh Circuit in Randolph to be persuasive and will follow same. Moreover, unlike the present litigation, Congress had provided the plaintiffs in Randolph an express remedy for the violation of the automatic stay, 11 U.S.C. § 362(k), which renders the case for implied repeal less persuasive in the instant litigation.[5] Additionally, courts in the Southern District of Ohio have reached the same result as the Seventh Circuit in Randolph. Evans v.

---

[5]When the Seventh Circuit decided Randolph, that remedy was codified as § 362(h). A subsequent amendment to the Bankruptcy Code moved the remedy to § 362(k).

Midland Funding LLC, 574 F. Supp.2d 808 (S.D.Ohio 2008) (per Dlott, Chief Judge); In re Gunter, 334 B.R. 900 (Bankr. S.D.Ohio 2005).

Based upon the foregoing, this Court concludes that the Bankruptcy Code did not impliedly repeal the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. Accordingly, it rejects the Report and Recommendations of the Magistrate Judge to the extent that she recommended that the Court dismiss the FDCPA claims of Jones and the Rosses, because the Bankruptcy Code impliedly repeals their claims under that statute. Additionally, the Court overrules LS&R's Motion to Dismiss (Doc. #18) to the same extent.

Having concluded that the FDCPA claims of Jones and the Rosses cannot be dismissed on the basis of the implicit repeal of that statute, the Court must rule on the branches of LS&R's Motion to Dismiss which the Magistrate Judge concluded were not necessary to address, to wit: 1) whether the FDCPA claims of the Rosses must be dismissed because they are barred by the applicable statute of limitations; 2) whether Jones or the Rosses have stated a claim of unjust enrichment against LS&R; 3) whether liability can be imposed upon it as a "supplier" under the OCSPA; and 4) whether their requests for class action status of their claims under the OCSPA must be dismissed. As a means of analysis, the Court will address those arguments in the above order.[6]

---

[6] LS&R also argue that they are protected by absolute attorney immunity to the extent that Plaintiffs' claims are predicated on proofs of claim filed in bankruptcy proceedings. This Court rejects that argument, given that LS&R has cited no authority in support of that proposition. Moreover, based upon the decision by the Supreme Court that attorneys are debt collectors under the FDCPA (Heintz v.

- 14 -

First, LS&R argue that this Court must dismiss the Rosses claim under the FDCPA, because it is barred by the one-year statute of limitations contained in that statute, 15 U.S.C. § 1692k(d). In their Complaint, Plaintiffs allege that LS&R violated the FDCPA by filing proof of claim in their case under Chapter 13 of the Bankruptcy Code on May 9, 2007. See Doc. #1 at ¶ 120. This litigation was initiated more than one year later, on November 10, 2008, more than one year after the proof of claim was filed. Without challenging the foregoing, the Plaintiffs argue that the Rosses' claim under the FDCPA is not barred, because the Defendants continue to collect illegal fees today. In their Complaint, Plaintiffs allege:

> 125. Unaware that such late fees and property inspections cannot legally be collected from borrowers, the Rosses have agreed to pay these amounts to defendants, <u>who continue to seek them outside bankruptcy</u>.

Doc. #1 at ¶ 125 (emphasis added).

In <u>Foster v. D.B.S. Collection Agency</u>, 463 F. Supp.2d 783 (S.D.Ohio 2006), Judge Algenon Marbley addressed and rejected the defendants' statute of limitations defense in an action under the FDCPA, which was similar to that presented by LS&R herein, writing:

> Defendants' brief recitation of dates and applicable statutes of limitations is not sufficient to satisfy its burden in proving this affirmative defense. Defendants incorrectly assume that the filing dates for their underlying state court complaints were the last actionable events, and that

---

Jenkins, 514 U.S. 291 (1995)), most circuits have held that the FDCPA applies to the actions of attorneys litigating debt collection matters. <u>Goldman v. Cohen</u>, 445 F.3d 152, 155 (2d Cir. 2006); <u>Todd v. Weltman, Weinberg & Reis Co., L.P.A.</u>, 434 F.3d 432, 446 (6th Cir. 2006); <u>Piper v. Portnoff Law Assocs., Ltd.</u>, 396 F.3d 227, 232 (3d Cir. 2005); <u>Thomas v. Law Firm of Simpson & Cybak</u>, 392 F.3d 914, 917 (7th Cir. 2004) (en banc); <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002); <u>Addison v. Braud</u>, 105 F.3d 223, 224 n. 1 (5th Cir. 1997).

> the statute of limitations began to run on those filing dates. Defendants' actions after the state courts' judgments, however, such as collecting on the allegedly invalid state court judgments or garnishing class members' wages, could also be actionable events that are relevant for statute of limitations purposes. Defendants fail to explain to the Court why those are not actionable events for the relevant statutes of limitations.

Id. at 799. In Purnell v. Arrow Financial Services, 2008 WL 5235827 (6th Cir. 2008), the Sixth Circuit applied the decision of the Supreme Court in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) to claims under the FDCPA, so that alleged violations of that statute occurring within the period of the statute of limitations were actionable, while those that did not were barred by the statute of limitations.[7] Thus, the Purnell court held that the defendant's alleged violations of the FDCPA, which had occurred not more than one year before the filing, were not barred by the one-year statute of limitations set forth in § 1692k(d), unlike the alleged violations of that statute which occurred more than one year before that litigation was initiated.

Applying Purnell to the present litigation, this Court concludes that the Rosses' claim under the FDCPA against LS&R, predicated upon the proof of claim filed in their case under Chapter 13, must be dismissed as barred by the statute of limitations, since the proof of claim was filed more than one year before this litigation was initiated. However, the Court concludes that the aspect of the Rosses' claim under the FDCPA, based upon the emphasized allegation in ¶ 125 of the Plaintiffs' Complaint (Doc. #1), is not so-barred, given that the Plaintiffs allege that the Defendants, including LS&R, continue to seek illegal late fees and the like outside of bankruptcy.

---

[7]Morgan applied that rule to discrete claims of discrimination under Title VII.

- 16 -

Second, LS&R argues that the Plaintiffs have failed to state claims of unjust enrichment against it. In Catlett v. Central Allied Enterprises, Inc., 2009 WL 2859223 (Ohio App. 2009), the court restated the elements of a claim of unjust enrichment:

> In order to recover under a theory of unjust enrichment, the following elements must be proved: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff. Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183, 465 N.E.2d 1298.

Id. at *2. Accord, Obradovich v. Horvath, 2009 WL 1856802 (Ohio App. 2009); Rogers v. National City Corp., 2009 WL 1622382 (Ohio App. 2009). LS&R argues that the Plaintiffs have failed to state claims of unjust enrichment, because they have not alleged in their Complaint that they conferred a benefit on it. See Doc. #18 at 16. In response, Plaintiffs argue that they have viable claims of unjust enrichment against LS&R, predicated upon the theory that it "repeatedly charged for fees, costs and expenses which it had no right to recover, and that each of those fees, costs and expenses was passed on to and paid by the plaintiff (sic)." Doc. #77 at 13. However, missing from that argument, as well as from Plaintiffs' Complaint, is any assertion that Plaintiffs conferred benefits on LS&R as a result. Accordingly, the Court sustains LS&R's Motion to Dismiss (Doc. #18), as it relates to Jones' and the Rosses' claims of unjust enrichment.

Third, LS&R argues that the Court must dismiss Plaintiffs' claims under the OCSPA, because it is not a supplier. That statute imposes liability on suppliers who engage in certain activities. See Ohio Rev. Code § 1345.02(A) and § 1345.03(A). Since Ohio courts have held that entities engaging in the collection

- 17 -

of consumer debts are suppliers (see e.g., Celebrezze v. United Research, Inc., 19 Ohio App.3d 49, 482 N.E.2d 1260 (1984)), District Courts in the Southern District of Ohio have routinely held that the OCSPA applies to attorney's engaging in debt collection. See e.g., Wess v. Storey, 2009 WL 2835371 (S.D.Ohio 2009) (per Watson, District Judge); Lee v. Javitch, Block & Rathbone, LLP, 484 F. Supp.2d 816, 821 (S.D.Ohio 2007) (per Beckwith, District Judge); Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp.2d 1016, 1024 (S.D.Ohio 2007) (per Beckwith, District Judge); Foster v. D.B.S. Collection Agency, 463 F. Supp.2d 783, 809 (S.D.Ohio 2006) (per Marbley, District Judge). Accord, Midland Funding LLC v. Brent, — F. Supp.2d —, 2009 WL 2437243 (N.D.Ohio 2009). Therefore, the Court rejects this proposition of LS&R in support of its Motion to Dismiss (Doc. #18).

Fourth, under § 1345.09(B), a consumer may not maintain a class action for a violation of the OCSPA, unless "the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code." Herein, the Plaintiffs have not alleged that any of the asserted violations of the Ohio statute by LS&R also violated such a rule or court decision. In their Memorandum in Opposition, they have cited only an unreported decision by a District Court in Massachusetts, which they contend involved enjoining conduct under the Federal

Trade Commission Act. See Doc. #77 at 12. Since a District Court sitting in Massachusetts is not a court of Ohio, a decision by that court does not satisfy the predicate for bringing a class action under the OCSPA. Accordingly, this Court sustains the Motion to Dismiss (Doc. #18), filed by LS&R, to the extent that Defendant sought dismissal of Plaintiffs' class action allegations as they relate to their claims under the OCSPA.

Based upon the foregoing, the Court sustains in part and overrules in part Plaintiffs' Objections (Doc. #110) to the Report and Recommendations of the Magistrate Judge (Doc. #106). Those Objections are overruled as they relate to the Magistrate Judge's recommendation that the Court dismiss Kline's claim under the FDCPA, because that statute does not apply to a debt collector's communications with a debtor's attorney. Those Objections are sustained as they relate to the issue of whether the Bankruptcy Code implicitly repealed the FDCPA. The Court adopts the Report and Recommendations as they relate to Kline's claim under the FDCPA, as supplemented herein by this Court's reasoning and citations to authority, and rejects that judicial filing as it relates to issue of implicit repeal.[8] Accordingly, the Court sustains in part and overrules in part the Motion to Dismiss (Doc. #18), filed by LS&R. That motion is sustained as it relates to Kline's claim under the FDCPA, the Rosses' claim under that statute, to the extent that it is

---

[8]The Court also adopts the Report and Recommendations relating to Plaintiffs' breach of contract claims and declining to continue to exercise supplemental jurisdiction over Kline's remaining state law claims. Given that the Court has concluded herein that the claims under the FDCPA of Jones and the Rosses remain at least partially viable, the Court rejects the recommendation that it decline to continue to exercise supplemental jurisdiction over their remaining state law claims.

based on the proof of claim filed in their case under Chapter 13 of the Bankruptcy Code, the Plaintiffs' breach of contract claims, Jones' and the Rosses' claims of unjust enrichment and the class action allegations relating to the claims of Jones and the Rosses' under the OCSPA. Otherwise, that motion is overruled.

As a result of the Court's rulings herein, the claims of Jones and the Rosses against LS&R, under the FDCPA and under the OCSPA, remain viable herein, although the Rosses' claim under the FDCPA is limited to the actions set forth in ¶ 125 of Plaintiffs' Complaint (i.e., that the Defendants, including LS&R, continue to seek to recover fees they cannot legally recover outside bankruptcy). However, Jones and the Rosses will not be permitted to seek to certify their claim under the OCSPA as a class action.

September 21, 2009

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.